IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERESA ECKHARDT, *individually and as the Administrator of the Estate of* GARY PAUL ECKHARDT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL ACTION NO.<br>5:19-cv-00266-TES |

## AMENDED ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is the United States of America's ("Defendant," the "Government," or the "VA")[1] Partial Motion for Judgment on the Pleadings [Doc. 74]. For the reasons discussed below, the Court **DENIES** Defendant's Motion.

### DISCUSSION

**A.   Relevant Procedural Background**

On June 28, 2019, Plaintiff filed this action under the Federal Tort Claims Act against Defendant for the wrongful death of her husband, Gary Eckhardt ("Mr. Eckhardt"), a Vietnam Veteran. [Doc. 3]. Because of his service, Mr. Eckhardt earned the

---

[1] Per the Federal Tort Claims Act, Plaintiff brought this action against the United States Department of Veterans Affairs (the "VA") via the United States of America.

right to receive medical treatment through the Department of Veterans Affairs (the "VA"). [*Id.* at ¶ 9]. He primarily received such treatment at the VA Medical Center in Atlanta, Georgia, and the Carl Vinson VA Medical Center in Dublin, Georgia. [*Id.*]. In April 2003, medical professionals at the VA Medical Center in Atlanta diagnosed Mr. Eckhardt with Hepatitis C. [*Id.* at ¶ 10]. Plaintiff ultimately claims that the VA's failure to effectively treat Mr. Eckhardt's Hepatitis C with available curative drug therapies caused his premature death. [*Id.* at ¶¶ 16, 18–28]. Defendant filed its Answer on August 30, 2019. [Doc. 8].

The parties had considerable time to engage in discovery and gather evidence regarding this claim. The Court first entered a Scheduling Order (that the parties jointly drafted and submitted) designating a seven-month discovery period to run from October 28, 2019 until May 26, 2020. [Doc. 11]. The parties filed three joint motions to extend discovery, and the Court granted them all. *See* [Doc. 11]; [Doc. 22]; [Doc. 25]. In total, the parties had nearly 15 months to conduct discovery. *See* [Doc. 10]; [Doc. 11]; [Doc. 22]; [Doc. 25]; [Doc. 26]; [Doc. 32].

On November 18, 2020, Plaintiff filed a Motion to Amend Scheduling and Discovery Order and indicated that it would file a Motion to Compel the VA to produce certain categories of documents not available to the public. [Doc. 29]. Pursuant to the Court's last scheduling order, discovery closed on November 23, 2020. [Doc. 26]. However, the Court also stated that upon resolution of Plaintiff's Motion to Compel, it

2

would allow the parties an additional 60 days to conduct discovery.[2] *See* [Doc. 26]; [Doc. 32]. Plaintiff filed her Motion to Compel on December 24, 2020. [Doc. 35].

On June 17, 2021, the Court formally denied Plaintiff's Motion to Compel, so that under its December 2020 text order [Doc. 32], the Court's 60-day discovery extension immediately began. [Doc. 32]; [Doc. 50]. Accordingly, discovery ended on August 17, 2021, and the deadline for all substantive or dispositive motions, including motions for summary judgment and *Daubert* motions, expired on September 16, 2021. [Doc. 32]. Neither party filed *Daubert* motions or motions for summary judgment by this deadline nor did they ask for another extension.[3]

Given that discovery had long expired, and nothing remained except for a trial, the Court entered an Order scheduling a pretrial conference for March 15, 2022. [Doc. 52]. On the day before the pretrial conference, the Government filed an Omnibus

---

[2] The Court's text-only order [Doc. 32] states: "This is a text only entry; no document issued. ORDER granting in part and denying in part [Doc. 29] Motion to Amend/Correct Scheduling Order. If the Plaintiff wishes to file a motion to compel, then she has 10 days to do so. Discovery is currently closed. Upon the resolution of Plaintiff's motion to compel or the expiration of 10 days without Plaintiff filing a motion to compel, whichever comes first, the Court will allow the parties 60 days of additional discovery and all deadlines will be adjusted by the same 60 days. Ordered by US DISTRICT JUDGE TILMAN E SELF, III on 12/16/2020 (TES) (Entered: 12/16/2020)."

[3] Although the Government complains that the Court didn't mention the self-executing discovery portion of its December 16th text order [Doc. 74-1, p.4] in its order denying Plaintiff's motion to compel [Doc. 50], the Court struggles to recall a single instance where it has specifically called any party's attention to a text order, especially one so simple and clear. Further, the Government fails to explain the basis of its allegation that Plaintiff similarly misinterpreted the Court's order. [Doc. 74-1. p.4] ("[N]either party construed the order to automatically trigger the start of the final 60-day discovery period, and neither party therefore pursued additional discovery between June to August 2021 (when discovery presumably closed) or filed a *Daubert* or summary judgment motion thirty days later."). It is highly doubtful that Plaintiff would have filed a summary judgment motion.

3

Motion in Limine, arguing (1) that the Veterans' Judicial Review Act (VJRA) barred Plaintiff's 2013–14 claims against the VA so that she should not be allowed to introduce any evidence to support these claims and (2) that Plaintiff should not be permitted to introduce evidence that she failed to produce in discovery. [Doc. 55]. Plaintiff responded on April 4th and produced supplemental discovery responses with her Response. [Doc. 61]; [Doc 61-1]; [Doc 61-2]. On May 2nd, the Defendant replied and raised objections to Plaintiff's supplemental discovery responses under Federal Rule of Civil Procedure 37(c). [Doc. 65].

On May 27th, the parties attended a mediation with a mediator proposed by the Defendant. [Doc. 75-1]. The parties failed to reach a mediated settlement. [*Id.*]. Following the failure of the parties to settle, the Court held a status hearing on June 7th, where the parties and the Court extensively discussed Plaintiff's Omnibus Motion in Limine. [Doc. 73]. Specifically, the Court informed the Government that it could not grant its Motion as it related to the VJRA because the Court considered it a motion for summary judgment dressed up as a motion in limine. [Doc. 73, pp. 17, 25–26]. On June 8th, the Court issued a text order denying the Government's Omnibus Motion in Limine. [Doc. 72].

Notwithstanding the Court's oral denial of the Government's VJRA motion and a subsequent text order, the Government filed this Motion less than a week later, making the exact arguments it has consistently made regarding the applicability of the VJRA to

4

Plaintiff's 2013-14 claims. [Doc. 74-1, pp. 9–17]. And, much to the Court's surprise, the Government explicitly admitted that it did so just to improve its chances on appeal. [Doc. 74-1, p. 2] ("[T]he United States brings the instant Partial Motion to preserve, at minimum, its right to *de novo* review . . . ."). The Government candidly explained that if it appealed the Court's order denying its VJRA defense on a motion in limine, the Eleventh Circuit would review the denial under the highly deferential abuse-of-discretion standard. [Doc. 74-1, p. 2]. But, if the Eleventh Circuit reviewed a denial of its VJRA defense on a motion for judgment on the pleadings, the VA argued that the Circuit would review that denial under the much more lenient *de novo* standard. [*Id.*]. On June 24th, the Plaintiff filed its "response."[4] [Doc. 74]; [Doc. 76]. Critically, the Court, in extensive consultation (and a lot of negotiation) with the parties, has scheduled a bench trial to begin August 9, 2022, a date to which both parties agreed. [Doc. 73, pp. 3, 31, 38].

### B. Discussion

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "By the plain language of Rule 12(c), a party may not

---

[4] Initially, Plaintiff only responded to this motion via an email to the Court, copied to the VA, arguing that it was "untimely" and "frivolous." [Doc. 75-1, p. 2]. The Court responded, telling Plaintiff that she had to do more than email the Court if she wanted to respond to the VA's motion. The VA then filed a letter [Doc. 75] on the docket that included the Plaintiff's email.

move for judgment on the pleadings until '[a]fter the pleadings are closed.'" *Lillian B. v. Gwinnett Cnty. Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015). And, the pleadings are closed only after a complaint and answer have been filed. [*Id.*] (citing Fed. R. Civ. 7(a)).[5] However, Federal Rules of Civil Procedure Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Here, the VA attached matters outside the pleadings (Plaintiff's medical records and notes), so the Court will consider it as a motion for summary judgment. *See* [Doc. 74-2]; [Doc. 74-3]; [Doc. 74-4]; [Doc. 74-5].

"A [d]istrict [c]ourt need not consider an untimely motion for summary judgment." *Goode v. Wings of Alpharetta, Inc.*, No. 1:11-cv-1337, 2013 WL 997669, at *17 (citing *Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988)). In this case, the deadline for summary judgments expired on September 16, 2021, more than 10 months ago. [Doc. 32]. And, given the legion of case law holding that courts never have to consider such late motions, one would think that this would put a quick end to the VA's Motion.

But according to the VA, a challenge to the Court's subject-matter jurisdiction raised by a Rule 12(c) motion is never too late because "[q]uestions of jurisdiction can be

---

[5] Here, the pleadings closed on August 30, 2019. [Doc. 8]. That means that the Government could have filed this motion any time since then.

6

raised at any point in the litigation." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). [Doc. 74-1, p. 7]. Therefore, the VA argues that its motion challenging the Court's subject-matter jurisdiction "may be brought 'at any time,' the motion deadline notwithstanding." *Rhodes v. United States*, No. 806-CV-17T-23MSS, 2007 WL 1173790, at *1 (M.D. Fla. Apr. 18, 2007) (quoting *Cochran v. U.S. Health Care Financing Administration*, 291 F.3d 775, 778 n.3 (11th Cir. 2002) ("[L]ack of subject matter jurisdiction may be raised at any time"). [Doc. 74-1, pp. 7–8]. So, even though it made the strategic and tactical decision not to file a dispositive motion, the VA nonetheless takes the position that its 12(c) motion (converted to a motion for summary judgment) is timely. [Doc. 74-1].

It would seem that the VA wins on the timeliness issue because the Eleventh Circuit has told district courts that motions alleging a "lack of subject matter jurisdiction may be raised at any time." *See Cochran*, 291 F.3d at 778 n.3 (11th Cir. 2002). However, just because a motion contesting subject-matter jurisdiction can be raised at "any time" so as not to delay trial,[6] that does not mean a party can raise the same challenge under a different motion, especially when the admitted reason is just to gain an appellate advantage via a more favorable standard on review. *Id.*

---

[6] The Court makes no definitive ruling on whether filing this motion within a couple of months before trial is too late because resolution of it would potentially delay the trial. Just because a court may ultimately rule on a motion before trial doesn't automatically mean that the motion was timely. One can run afoul of the timing deadline in Rule 12(c) without having to physically delay the actual beginning or conduct of the trial.

The VA's Partial Motion for Judgment on the Pleadings, like its Motion in Limine [Doc. 55], presents the same arguments the VA has repeatedly and consistently made—that the VJRA robs this Court of subject-matter jurisdiction to hear Plaintiff's 2013–14 claims. [Doc. 74-1]. And, the Court has routinely rejected those arguments.

The Court has consistently explained that it will hear the facts surrounding each claim and if it finds that those claims are barred by the VJRA, it will dismiss them as mandated by Rule 12(h)(3). [Doc. 73, p. 17] ("We're still going to deal with the VJRA and medical malpractice at trial. There is no other way to do it. There is just no other way to do it. . . . So, we're going to get the facts, all of the facts, instead of having this motion for summary judgment, all that stuff. Like I said before, we are where we are. I can't determine what's VJRA prohibited and what is medical malpractice until I hear the evidence. That's the way it is. If I'm wrong about that, somebody will certainly point that out. And that's okay. That's fine."); [Doc. 73, p. 26] ("But summary judgment is gone. We're past that. We're going to a trial."); [Doc. 73, p. 31] ("So I say let's just put it all up and let's just try the thing and be done with it.").

The VA admits that it has repeatedly raised its jurisdictional arguments. [Doc. 74-1, p. 1] ("The United States previously raised several challenges to the Court's subject matter jurisdiction pursuant to the Veterans' Judicial Review Act ('VJRA'), 38 U.S.C.A. § 511(a), in the context of its Omnibus Motion in Limine, its Reply thereto, and the two recent pretrial conferences with the Court—urging the Court to exclude evidence and

testimony on claims that fall outside the Court's subject matter jurisdiction."). The Court considered them and rejected them—all the while assuring the VA that should the Court ultimately change its mind after hearing the evidence, it would reconsider and dismiss any claim barred by the VJRA.

The Government raised these concerns via its Omnibus Motion in Limine. [Doc. 55]. It had a wide array of procedural vehicles to raise its defense: motion to dismiss under Rule 12(b)(1), motion for judgment on the pleadings (Rule 12(c)), motion in limine, or motion for summary judgment. The VA chose a motion in limine and it didn't prevail. [Doc. 72]. That means the issue is over. A party that loses one motion simply can't make the same substantive motion under a different name and expect a different result—even if the concerned motion deals with subject-matter jurisdiction. *See F & G Rsch., Inc. v. Google Inc.*, No. 06-60905, 2007 WL 2774031, at *7 (S.D. Fla. Sept. 21, 2007) ("It is, however, the substance of a motion, not its title, that dictates the relief requested."); *Lucas v. Fla. Power & Light Co.*, 729 F.2d 1300, 1302 (11th Cir. 1984) ("[N]omenclature is not controlling. The court will construe [the motion], however styled, to be the type proper for the relief requested."). Bottom line—the VA had the chance to raise the question of the Court's jurisdiction, it did so via a motion in limine, and the Court ruled against it. [Doc. 55]; [Doc. 72]. That's it. The VA doesn't get another chance just because its issue concerns subject-matter jurisdiction.

However, it appears that the real reason the VA filed this Motion deals with any

potential review. [Doc. 74-1]. The VA told the Court it made this Motion "to safeguard and ensure its future appellate rights," noting that because "a district court's denial of a motion in limine is reviewed only for an abuse of discretion ... the United States brings the instant Partial Motion to preserve, at minimum, its right to *de novo* review of the narrowly tailored pretrial jurisdictional challenges that follow." [Doc. 74-1, p. 2] (internal citations omitted). As the Court mentioned above, the VA had its choice of procedural vehicles to raise the question of the Court's subject-matter jurisdiction, but it did so via a motion in limine. [Doc. 55]. The VA knew the appellate standards associated with a motion in limine and it chose that motion above its other options. The VA, like any other party, can live with its choices.

The Court has found no case that allows a party to make successive motions simply because one motion may have a preferable standard of review on appeal. Thus, the Court finds such a use of a motion to be disallowed and provides an additional procedural basis to deny this Motion.

## CONCLUSION

As discussed above, the Court **DENIES** Defendant's Partial Motion for Judgment on the Pleadings [Doc. 74] on procedural grounds. And, because the Court finds the Motion to be procedurally defective, it never reaches the substantive grounds of the Motion.

[signature on following page]

10

SO ORDERED, this _22_ day of July, 2022.

_____
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT