## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **TERESA ECKHARDT,**[1] | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:19-cv-00266-TES** |
| **UNITED STATES OF AMERICA,** | |
| *Defendant.* | |

## ORDER

This matter is before the Court on Defendant's Motion to Exclude Plaintiff's Expert Testimony. [Doc. 99]. For the reasons stated below, the Court **DENIES** Defendant's motion. [*Id.*].

## BACKGROUND

On June 28, 2019, Plaintiff Teresa Eckhardt ("Plaintiff") filed this action under the Federal Tort Claims Act against the United States for the wrongful death of her husband, Gary Eckhardt ("Mr. Eckhardt"), a Vietnam Veteran. [Doc. 3]. Because of his service, Mr. Eckhardt earned the right to receive medical treatment through the Department of Veterans Affairs (the "VA"). [*Id.* at ¶ 9]. He primarily received such

---

[1] Sadly, Plaintiff died during the pendency of this action. As of today, Plaintiff's counsel is in the process of assisting Tracy Fernelius to be appointed the administrator of Plaintiff's estate, and Tracy Fernelius and Tami Hampson to be named successor co-administrators of Mr. Eckhardt's estate. Fernelius is Plaintiff's daughter, and Hampson is Mr. Eckhardt's daughter. The Court held a hearing to discuss this matter on September 28, 2022. *See* [Doc. 107].

treatment at the VA Medical Center in Atlanta, Georgia, and the Carl Vinson VA Medical Center in Dublin, Georgia. [*Id.*]. In April 2003, medical professionals at the VA Medical Center in Atlanta diagnosed Mr. Eckhardt with Hepatitis C. [*Id.* at ¶ 10]. Plaintiff ultimately claims that the VA's failure to effectively treat Mr. Eckhardt's Hepatitis C with available curative drug therapies caused his premature death. [*Id.* at ¶¶ 16, 18–28]. The Government filed its Answer on August 30, 2019. [Doc. 8].

The Court held an intense, five-day bench trial that started on August 9 and ended on August 16, 2022.[2] *See* [Doc. 108]; [Doc. 109]; [Doc. 110]; [Doc. 111]; [Doc. 112]. Dr. Robert G. Gish was Plaintiff's sole expert who testified at trial and provided expert testimony in preparation for the trial. *See* [Doc. 42]; [Doc. 109]. Plaintiff submitted Dr. Gish's Affidavit [Doc. 3-2] when she initially filed her Complaint [Doc. 3] on June 28, 2019. The Court issued its Scheduling and Discovery Order [Doc. 10] on October 28, 2019.[3] The Order imposed a deadline for Plaintiff to disclose the identity of any expert witness on or before January 27, 2020. [Doc. 10, p. 7]. On January 27, 2020, Plaintiff disclosed Dr. Gish as her sole expert and filed Dr. Gish's expert report. [Doc. 42]. In disclosing Dr. Gish as an expert witness on January 27, 2020, Plaintiff also produced a document titled "Expert Testimony Summary." [Doc. 99-1]. The document listed one

---

[2] The Court notes that the bench trial has not technically concluded, as it expects Tracy Fernelius will testify after she is officially substituted as the plaintiff in this case.

[3] Upon consideration of the parties' Joint Motion to Amend Scheduling and Discovery Order [Doc. 11], the Court amended the Scheduling and Discovery Order on November 6, 2019, as to deadlines for the expiration of fact discovery, dispositive motions, and *Daubert* motions. [Doc. 12].

case in which Dr. Gish was deposed within the previous four years: *U.S. v. USPLabs, LLC*, No. 3:15-cr-496-L (N.D. Tex. 2019). [*Id.*]; [Doc. 109, p. 147].

Discovery ended on August 17, 2021. [Doc. 78, p. 3]. The Court issued its Order for Pretrial Conference [Doc. 52] on January 24, 2022. The parties jointly submitted their proposed pretrial order on March 11, 2022, and appeared for the pretrial conference on March 15, 2022. [Doc. 59]. Plaintiff did not supplement Dr. Gish's report concerning his previous testimony at any point until the morning after Dr. Gish testified during trial.

Plaintiff called Dr. Gish to testify during trial on August 10, 2022. *See* [Doc. 109]. During the Government's cross-examination of Dr. Gish, he revealed that he had previously testified as an expert witness within the four years preceding his January 2020 disclosure as well as between his January 2020 disclosure and the 2022 pretrial conference. [*Id.*]. With Dr. Gish still on the stand, the United States represented to the Court that Plaintiff had failed to comply with her expert disclosure and supplementation obligations under Rules 26(a)(2)(B) and 26(e)(2) given Dr. Gish's sworn admission about his previous testimony as an expert witness. [*Id.* at pp. 146–150]. The Court noted that Plaintiff must still comply with the requirements of Rule 26. [*Id.* at p. 224].

Plaintiff concedes that she inadvertently omitted cases in which Dr. Gish testified in his expert report. *See* [Doc. 100]. However, Plaintiff addressed this mistake by giving the Government's counsel a document titled "Robert G. Gish—Legal

Consults/Testimony," the morning after Dr. Gish testified. [Doc. 99-2]; [Doc. 110, pp. 4–6]. The Government asks the Court to strike Dr. Gish's testimony as a sanction for Plaintiff's noncompliance with Rule 26, which would effectively mandate judgment in its favor.

## **DISCUSSION**

The Government argues that Plaintiff violated her discovery obligations under Federal Rules of Civil Procedure 26(a)(2)(B) and 26(e)(2). "Rule 26 mandates that an expert's written report contain specific information—such as . . . a list of all cases in which the expert testified at trial or by deposition in the preceding four years." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1362 (11th Cir. 2008) (citing Fed. R. Civ. P. 26(a)(2)(B)). The expert disclosure requirement under Rule 26(a)(2)(B) "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Id.* at 1362–63 (citations omitted). In addition to the requirements for disclosures under Rule 26(a)(2)(B), litigants are obligated to supplement their expert witness disclosures. Rule 26(e)(2) states, "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

Federal Rule of Civil Procedure 37(c)(1) establishes the consequences for parties who fail to comply with Rule 26(a) or (e). According to Rule 37(c)(1), the Court may impose appropriate sanctions if a party fails to: (1) make initial disclosures under Rule 26(a)(1); (2) make expert disclosures under Rule 26(a)(2); or (3) supplement such disclosures as required by Rule 26(e)(2). However, if the failure to disclose was "substantially justified or is harmless," then the party may still use that witness. *See* Fed. R. Civ. P. 37(c)(1); *U.S. ex rel. Bibby v. Mortg. Invs. Corp.*, No. 1:12-CV-4020-AT, No. 1:17-CV-2884-AT, 2017 WL 8218975, at \*4 (N.D. Ga. Aug. 25, 2017) ("Exclusion of expert testimony is a drastic remedy . . . Courts will not automatically resort to exclusion for failure to strictly comply with Rule 26, especially where doing so would frustrate the Federal Rules' overarching objective of doing substantial justice to litigants." (quoting *Plew v. Ltd. Brands, Inc.*, No. 08 CIV. 3741 LTS MHD, 2012 WL 379933, at \*6 (S.D.N.Y. Feb. 6, 2012) (citations and internal punctuation omitted))). The nondisclosing party bears the burden of establishing that the failure to disclose was substantially justified or harmless. *See Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006) ("The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.").

The Eleventh Circuit has not taken a position on whether the exclusion remedy under Rule 37 is automatic. *See Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 602–04 (11th Cir. 2019) (Carnes, J., concurring) (refusing to answer the question of whether,

under Rule 37(c)(1), an absence of substantial justification or harmlessness automatically results in exclusion and noting circuit split on same). "The district court may impose other appropriate sanctions in addition to or in lieu of the evidentiary exclusion." *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004). *See OFS Fitel*, 549 F.3d at 1363 (emphasis in original) ("Under Rule 37(c)(1), a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) *unless the failure is substantially justified or is harmless*."); *Bearint ex rel. Bearint v. Dorel Juvenile Grp., Inc.*, 389 F.3d 1339, 1348 (11th Cir. 2004) ("Fed. R. Civ. P. 37(c)(1) gives district courts discretion to exclude untimely submissions."). "In sum, the text of Rule 37(c)(1) and the limited related Eleventh Circuit authority indicate that exclusion is not necessarily mandatory even after finding that a party's failure to supplement discovery was neither substantially justified nor harmless." *Pitts v. HP Pelzer Auto. Sys., Inc.*, 331 F.R.D. 688, 696 (S.D. Ga. 2019).

Plaintiff failed to comply with the requirements under Rule 26. However, Plaintiff's failure to do so was harmless because Plaintiff addressed the mistake as soon as she recognized it, and any potential harm could have been remedied had the Government accepted the Court's offer to interview Dr. Gish after he testified at trial and to reopen its cross-examination regarding the omitted information after the interview. However, one must also recall that any issue of harm is somewhat less problematic since its omission occurred during a bench trial, not a jury trial.

First, Plaintiff provided the Government a list of one case in which Dr. Gish was deposed. [Doc. 99-1]; [Doc. 109, p. 147]. After discovering that she did not produce a complete list to the Government, Plaintiff did so the following morning to cure the defect. [Doc. 99-2]; [Doc. 110, pp. 4–6]. *See Falin v. Condo. Ass'n La Mer Estates, Inc.*, No. 11-61903-CV, 2012 WL 1110024, at *1 (S.D. Fla. Apr. 3, 2012) (expert's failure to disclose fact that she gave prior testimony in similar case not grounds to strike report when violation of 26(a)(2)(B)(v) was cured two weeks later); *Watkins v. Vestil Mfg. Corp.*, No. 2:07-CV-0152-RWS, 2009 WL 277602, at *2 (N.D. Ga. Feb. 5, 2009) (concluding that Rule 26(a)(2)(B) requires the court and case numbers for list of cases in which an expert has previously testified, but declining to strike expert in lieu of ordering supplemental disclosure and re-deposition); *Foreman v. Am. Rd. Lines, Inc.*, 623 F. Supp. 2d 1327, 1330–31 (S.D. Ala. 2008) (overruling objection to expert who failed to disclose list of cases involving previous testimony where expert offered to generate cases during deposition and promptly submitted list to attorney within days of being alerted to omission); *Medina v. United Christian Evangelistic Ass'n*, No. 08-22111-CIV, 2009 WL 4030454, at *2 (S.D. Fla. Nov. 20, 2009) (denying motion to strike where continuance gave defendants additional time to evaluate expert testimony after court ordered disclosure of list of cases in which expert previously testified).

Additionally, after the Court received the Government's motion to exclude, as well as Plaintiff's response and the Government's reply, it gave the Government a

chance to interview Dr. Gish about his omitted information and cross-examine him about it as well. The Government declined, stating it did not believe that interviewing or possibly re-cross-examining Dr. Gish would constitute an appropriate remedy or sanction.[4] The Court offered this opportunity as a way to resolve the Rule 26 disclosure issue by giving the Government additional time to re-cross-examine Dr. Gish and protect the interests that Rules 26 and 37 were designed to protect. Not only did the Government decline to interview Dr. Gish following the Court's—and Plaintiff's— invitation to do so after Dr. Gish testified at trial, it also declined to depose Dr. Gish during discovery. Plaintiff's inadvertent mistake of not supplementing Dr. Gish's Rule 26 report could have been discovered and remedied during discovery had the Government deposed him then. Additionally, any *surprise* caused by Plaintiff's harmless failure to supplement Dr. Gish's expert report could have been mitigated had the Government deposed Dr. Gish. It chose not to. *See Taylor*, 940 F.3d at 593 n.6 ("We have said in the past that the importance of compliance with the disclosure rules in Rule 26 is grounded in the need 'to allow both sides in a case to prepare their cases adequately and to prevent surprise.'" (quoting *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (internal quotation marks and citations omitted))).

Finally, any potential risk to a jury is not present here. In a bench trial, "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate

---

[4] This exchange occurred via email, in which the Court included counsel for both parties.

only for himself." *Jones Superyacht Miami, Inc. v. M/Y Waku*, 451 F. Supp. 3d 1335, 1345–46 (S.D. Fla. 2020) (quoting *U.S. v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005)). In any event, the Court finds that Plaintiff's negligent or mistaken omission and failure to supplement its expert report for Dr. Gish was harmless. Exercising its considerable discretion, the Court declines to automatically exclude Dr. Gish's testimony under Rule 37. Accordingly, the Court **DENIES** Defendant's Motion to Exclude Plaintiff's Testimony [Doc. 99].

**SO ORDERED**, this 9th day of November, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**